(70 App. Div. 557.)

## BAYLIES v. AUTOMATIC FIRE ALARM CO.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

CONTRACTS—CONSTRUCTION—SPECIFIC PERFORMANCE—MUTUALITY.

> Defendant agreed to equip plaintiff's building with an automatic sprinkler to extinguish fires, and connect the alarm system from the building with the central station of the defendant. Attached to this contract was a clause signed by defendant only, stating: "It is further understood that, if you desire us to maintain the alarm system connection to our central station longer than one year, we will do so at an annual expense to you of $35 per year." The connection with the central office was no part of the sprinkler system, but was a distinct device. *Held*, that the clause did not bind defendant to furnish such connection at the figure named, during the will of plaintiff.

Appeal from special term, New York county.

Bill by Edmund L. Baylies, trustee, against the Automatic Fire Alarm Company. From a decree for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

E. S. Cowles, for appellant.
E. Harding, for respondent.

VAN BRUNT, P. J. This action was commenced to compel the specific performance of an alleged contract between the plaintiff's predecessor and the defendant, decreeing that the defendant maintain an electrical alarm connection as then maintained between the defendant's central office and the building No. 26 Beekman street, both in the city of New York, as long as the plaintiff pays to the defendant $35 a year for the maintenance of such connection. The facts as they appeared upon the trial were substantially as follows: On the 25th of January, 1889, a contract was made by one Elizabeth A. Le Roy, the plaintiff's predecessor, as trustee under the last

will and testament of Herman C. Le Roy, deceased, and the defendant corporation, by which, for a consideration of $2,000, the defendant agreed to equip the building No. 26 Beekman street, then owned by said Le Roy as such trustee; with a system of Grinnell Sensitive· Automatic Sprinklers, and to connect the alarm system from said building with the central station of the defendant for one year. This contract was signed by the defendant and by said Le Roy as trustee. Attached to said contract were specifications of work, signed only by the defendant, to which specifications was added the following clause: "It is further understood that, if you desire us to maintain the alarm system connection to our central station longer than one year, we will do so at an annual expense to you of thirty-five dollars per year." The sprinkler in question was installed, and the connection with the central station was maintained by the defendant until the 1st of May, 1900, at the request of the plaintiff, who paid, after the first year, $35 a year therefor. It further appears from the evidence that connection with the central office was no part of the sprinkler system, but was a separate and distinct device. The defendant refused to continue the service of connection with the central station after the 1st of May, 1900, at the rate of $35 a year, claiming that in consequence of the law requiring the removal of all overhead wires the company was unable, by reason of the additional expense, to furnish this service at the price named. The plaintiff claims, however, that the paragraph in question constituted a contract between the defendant and the plaintiff, by which the defendant was bound to furnish this connection at the rate of $35 a year during the plaintiff's pleasure.

It is to be observed that there was no obligation whatever upon the part of the plaintiff to maintain this connection and to pay $35 a year for a single moment after the expiration of the first contract, and that he can discontinue it at any time when he sees fit. In other words, so far as the maintenance of this service is concerned, the contract between the parties is entirely unilateral,—obligation upon the one part and none upon the other. We do not think that any construction can be put upon this paragraph which would forever compel the defendant to the maintenance of this connection. The sprinkler system was entirely complete without the connection with the central station. That was a mere additional precaution for which, after the first year, the plaintiff had agreed to pay the additional price so long as he was furnished by the defendant at his request with the service. The paragraph in question was a mere statement of what the defendant's price was for the service. It formed no part of the contract of installation. It was a mere inducing statement as to what the defendant's practice was in reference to the maintenance of this additional connection. It clearly was not an agreement upon the part of the defendant that it would be bound forever to furnish this connection, no matter at what cost it might be put to maintain it, and it is difficult to see how the plaintiff could have understood that the defendant was under an obligation to him while he was under no obligation to it.

It seems to us that in order that a contract shall be interpreted to be perpetually obligatory upon one side, where there is no obligation whatever upon the other, the language must be clear and convincing. It may undoubtedly have been the expectation of both parties that this service would continue. But it is perfectly apparent that the paragraph under consideration was a mere statement of what the intentions of the defendant were in regard to the cost of keeping up this central connection in the future. It was in no way of such a character that the defendant had not the right to alter its terms or to withdraw the privilege, and it cannot be otherwise construed than as a mere statement of the terms upon which it expected in the future to be able to furnish this service. Such being the conditions, they were far from binding the defendant to a perpetual contract in respect to which the plaintiff was under no obligation whatever.

We think, therefore, that the judgment of the court below was erroneous, and should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.